THE MORRIS AND ESSEX RAILROAD COMPANY, PLAIN-
TIFFS IN ERROR, v. THE STATE.

1. A railroad company authorized to use locomotive engines are not re-
sponsible for damage occasioned by sparks emitted from an engine
traveling on their road ; provided, they are not guilty of negligence,
and have taken due precaution to prevent injury from fire.

2. When the charge in an indictment, stripped of technical language, is,
that the defendants used steam engines and caused them to pass over
their road, which engines emitted sparks and thereby set fire to the
adjoining houses and herbage, and there is no allegation of any negli-
gence or want of care or skill on the part of defendants—*Held*, that
the language of the indictment cannot be extended by inference or
implication, and it cannot be intended that due skill, care and dili-
gence were not exercised by the defendants in the selection and con-
struction of their engines, or that there was any negligence or want of
care in their use.

3. A mere allegation in an indictment that certain facts charged are to
the common nuisance of all the citizens of the state, will not make it
a good indictment for a common nuisance, unless the facts charged be
of such a nature as may justify that conclusion as one of law as well
as of fact.

In error to the Supreme Court.

The Morris and Essex Railroad Company, the plaintiffs in
error, were indicted at the May Term, 1867, of the Oyer and
Terminer of the county of Morris for nuisance.

The indictment was removed to the Supreme Court by
*certiorari*, and was tried at the Morris Circuit before Justice
Bedle and a jury, at the October Term, 1869, and a verdict
of guilty was rendered against the defendants.

The record was removed into this court by writ of error.

For the plaintiffs in error, *J. Vanatta.*

For the state, *A. Mills.*

The opinion of the court was delivered by

GREEN, J.   The Morris and Essex Railroad Company were indicted for a nuisance in the Morris Oyer and Terminer. The indictment having been removed into the Supreme Court, was tried before one of the justices of that court at the Morris Circuit, and the company, defendants below, found guilty of the nuisance as charged in the indictment. The record is now removed into this court by writ of error.

The indictment charges in substance that the company unlawfully and injuriously placed upon their road divers locomotive engines driven by fire and steam, and caused the same to pass and repass over their said road, and did unlawfully and injuriously cause the said engines to emit and throw out to a great distance divers pieces of fire, and did cause the same to fall upon the fields, herbage, fences and buildings adjoining said road, by reason whereof the same caught fire and were greatly injured, to the great damage and common nuisance of the citizens of this state, &c.

The charter of the company is a public act, and authorizes the construction of the railroad and the use of engines upon it. A supplement to the charter, also a public act, enacts that the roads of the company shall be taken and deemed public highways for the use of steam engines and cars propelled by steam engines only.   Under the powers conferred by their charter the company were engaged in the prosecution of their lawful business in the only mode authorized by law.

It is well settled upon principle and by numerous decisions, that a railroad company authorized to use locomotive engines are not responsible for damage occasioned by sparks emitted from an engine traveling on their road; provided, they are not guilty of negligence, and have taken due precaution to prevent injury from fire.   In suits for such injuries, negligence is the gist of the action, and must be charged in declaration.

In *Vaughan* v. *Taff Vale Railway Co.*, 5 *Hurl. & Nor.* 679, Chief Justice Cockburn thus states the general principle: "Where the legislature has sanctioned and authorized the use

of a particular thing, and it is used for the purpose authorized, and every precaution has been observed to prevent injury, the sanction of the legislature carries with it this consequence, that if damage results from the use of such thing independently of negligence, the party using it is not responsible.

*The King* v. *Pease and others*, 4 *Barn. & Adol.* 30, is one of the earliest cases upon the subject, and was cited and approved in Vaughan *v.* Taff Vale Railway Co. In this case the defendants, employees of a railroad company, were indicted for a nuisance in running steam engines near a public highway. A special verdict was found, stating that the defendants used the locomotives which emitted great quantities of smoke, fire, and steam, and made a great noise and rendered traveling on the highway dangerous. The verdict also stated that the locomotives were of the best construction then known, and that due care and diligence were used in their management. After argument judgment was rendered for the defendants.

The whole charge in the indictment now before the court, when stripped of technical language, is, that the defendants used steam engines and caused them to pass over their road; which engines emitted sparks and thereby set fire to the adjoining houses and herbage. There is no allegation of any negligence or want of care or skill on the part of the company. The language of the indictment cannot be extended by inference or implication. It cannot be intended that due skill, care and diligence were not exercised by the company in the selection and construction of their engines, or that there was any negligence or want of care in their use.

A mere allegation in the indictment, that certain facts charged are to the common nuisance of all the citizens of the state, will not make it a good indictment for a common nuisance, unless the facts charged be of such a nature as may justify that conclusion as one of law as well as of fact. 2 *Whar. Crim. Law*, § 2362.

The case of *The People* v. *Sands*, 1 *Johns.* 78, is analogous in principle and directly in point. That was an indictment

for nuisance in keeping a large quantity of gunpowder near dwellings in a city, and for carrying the same through a public street in a cart, the wheels of which were bound with iron. There was no charge of negligence or want of care in keeping the powder, or in guarding it from accident when carried through the streets. The court, after conviction, arrested judgment, and in their opinion say : " If the facts laid in the indictment do not in themselves constitute or imply a common nuisance, the court cannot travel out of the record to inquire whether such facts do exist, which, if charged, would warrant a conviction. It is essential that every indictment of this kind, where the principal act is lawful, should state with precision what has rendered it otherwise ; that is, from what causes arise the dangers which it is contemplated to suppress. The prosecutor ought to have alleged a want of care, or some negligence in the manner of storing and keeping the powder.

The indictment now before the court is for the same reason fatally defective. This view of the case renders it unnecessary to consider the more important objection urged upon the argument, that the acts charged in the indictment, even if negligence were averred, do not constitute an indictable offence. Upon this point, it is not intended to intimate any opinion.

The judgment below should be reversed.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DEPUE, VAN SYCKEL, WOODHULL, DODD, GREEN, LILLY, WALES.   10.

*For affirmance*—None.