THE STATE, THOMAS F. NOONAN ET AL., PROSECUTORS PLAINTIFFS IN ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, N. J., DEFENDANTS IN ERROR.

1. The provision in the act of April 9th, 1888, "to authorize the board of chosen freeholders of any of the several counties of this state to lay out, open, construct, improve and maintain a public road therein," that said board may submit to the electors of such county the question whether or not such public road shall be laid out, opened, constructed, improved and maintained, is not an unconstitutional delegation of legislative power.
2. Such legislation is not local and special, either as to the laying out of highways or in the regulation of the internal affairs of counties; while the law confers a discretionary power which may occasion diversities by being exercised in one locality and not in another, yet such diversities are not inherent in the law. They arise, if at all, solely from the execution or non-execution of it, but the law prevails everywhere.

On error to the Supreme Court.

For the plaintiffs in error, *Thomas F. Noonan, Jr.*

For the defendant in error, *John A. McGrath.*

The opinion of the court was delivered by

THE CHANCELLOR. The object of this suit is to test the constitutionality of the act of the legislature entitled "An act to authorize the board of chosen freeholders of any of the several counties of this state to lay out, open, construct, improve and maintain a public road therein," approved April

* Justices Depue and Van Syckel voted to reverse only on the first ground stated in the opinion.

9th, 1888. *Pamph. L., p.* 39. The act provides, that when any board of chosen freeholders of any of the several counties of this state shall deem it for the best interests of such county to lay out, open, construct, improve and maintain a public road, extending through such county in any direction, it may, by resolution, submit to the electors of such county the question whether or not such public road shall be laid out, opened, constructed, improved and maintained, as provided in the act, and that if a majority of the electors voting shall favor such road, then the board of chosen freeholders shall be invested with all the rights and powers necessary and expedient to lay out, &c., the road; but if such majority of electors shall vote against such road, then nothing in the act is to apply to, or be effective in, the county. The act then prescribes the manner of conducting the election, and confers the powers necessary to build and pay for the road, specifying the methods by which, and the conditions and limitations under which, they are to be exercised.

It is contended—*first,* that the reference of the question whether the road shall be built, to the board of freeholders and the electors of the county, is a delegation of legislative power which is in conflict with the requirement of the constitution, that the legislative power of the state shall be vested in the senate and general assembly (*Art.* IV., § 1, ¶ 11); *second,* that the act is within the constitutional inhibition against private, special or local laws for the laying out, opening, altering and working of roads or highways (*Art.* IV., § 7, ¶ 11); and, *third,* that it violates that further provision of the constitution which forbids the passage of private, local or special laws regulating the internal affairs of counties. *Art.* IV., § 7, ¶ 11.

A simple examination of the legislation in question discloses that the law itself is a complete and efficient piece of machinery, replete with all powers necessary to its effective operation.

The feature of it which gives rise to the first objection is, that instead of putting itself in action, it prescribes a method

by which it may be brought into action, in any of the localities to which it applies, by the exercise of another judgment than that of the law making power.

Wisdom to discern the real interests of the governed, it is urged, is an attribute of legislation as essential to its completion as the power to command or prohibit.

The impracticability of the creation of laws, by the law making power, to meet all phases of action, however trifling, numerous and local, has necessitated not only the delegation of police powers to municipalities, but also the framing of general laws, which, so far as they apply to individual cases, are to be called into action by another wisdom than that of the law maker. In other words, the law making power approves the general scheme of the law, and creates a tribunal to determine the wisdom of its application to the several cases which come within its purview. Of this character are the laws which confer the power of eminent domain upon railway and kindred corporations, the right of taxation and local improvement upon political subdivisions of the state, the determination of the necessity for public and private roads upon freeholders and surveyors of the highways, and the selection of persons who shall be licensed to keep inns and taverns upon the recommendation of freeholders.

The necessity for this limited delegation of legislative power must be its only excuse, and probably was the origin of the assumption of the right to make it. However this may be, when the constitution itself was framed the practice of making such delegation in the case of highways prevailed, and it was not condemned by that instrument. In general acceptance it then was, and since has been, regarded as a legitimate exercise of the functions of legislation.

This time honored and well recognized method of legislation was affirmed as constitutional in the case of *Paul* v. *Gloucester County*, 21 *Vroom* 585, where it was adjudged by this court, that a provision in a law which enacted that if a majority of the legal voters in a county should, by ballot, declare against the sale of intoxicating liquors, no license to sell

such liquors should be granted within the limits of such county, was not an unconstitutional delegation of legislative power, in view of the fact that it was identical in principle with the laws which had theretofore provided for license upon the recommendation of freeholders, and had always been accepted as valid. By the law considered in that case, the legal voters of each county were established a tribunal to determine whether the public good required that any license should be granted to sell intoxicating liquors in the county. It was mooted in the argument whether the question submitted to the decision of the voters was not so general in character, and free from conditions of locality, that the legislature should itself deal with it, and whether its delegation to so large a tribunal as the voters of an entire county did not exhibit that the question was so general that there could be no necessity for the delegation. But, notwithstanding the apparent lack of necessity for the delegation thus shown, the decision was put upon the ground, that the delegation was within an ancient and accepted practice which qualifies the meaning of the term "legislative power," as it is used in the constitution.

The delegation of the legislative power in the law now considered rests upon the same principle that it rested upon in the old Road laws. It remains a mere reference to a tribunal of the locality to be affected, for its judgment as to the expediency of putting the law in action in a given case. The tribunal remains a tribunal of the locality. The only change is in the number of its members, and it is not perceived that that change alters the principle upon which the reference rests.

Resting upon the precedent established in Paul *v.* Gloucester County, this law, so far as the first objection to it extends, must be held to be constitutional. It, indeed, presents a stronger case of necessity for delegation than existed in the law reviewed in the case just cited, for it submits to the tribunal that it creates a pure question of local improvement, expenditure and taxation. The question can in no sense be considered a general moral one. The roads now existing in each county,

their character and condition, the present and prospective needs of the county, the pursuits of its inhabitants and the like, are the purely local conditions which must govern the wise determination of it, and their suggestion makes at least the utility, if not the necessity, of the local tribunal in this case conspicuous.

The second and third objections, that the legislation is local and special, not only as to the laying out of highways, but also in the regulation of the internal affairs of counties, may be considered together.

The law confers a discretionary power upon localities, which may occasion diversities by being exercised in one locality and not exercised in another. Such diversities are not inherent in the law. They arise, if at all, solely from the execution and non-execution of it, but the law prevails everywhere. A law which regulates the internal affairs of counties, or provides for the laying out, &c., of highways, based upon a valid classification, and which may be put in action alike by all of the class upon which it is based, is a general law. The constitution does not require that such a law shall be uniformly applied. We have above determined, that the legislature may create tribunals to say where a law concerning highways may be brought into action in the several localities to which it may apply. If those tribunals should not all act, or, acting, should reach different conclusions, so that there would be diversity in the application of the law, such lack of uniformity would not destroy the generality of the law, and render it local and special. The constitutional interdict is, that the law itself shall not be local and special. This, substantially, is the reasoning of the Supreme Court in *Warner* v. *Hoagland*, 22 *Vroom* 62, 72, which was reiterated in the *Matter of Cleveland, Mayor of Jersey City*, in this court, *ante, p.* 188.

The questions suggested in the argument must all be resolved in favor of the constitutionality of the law under consideration, and the judgment of the Supreme Court affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, MAGIE, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER.　11.

*For reversal*—None.