## STATE v. EDWARD DUDLEY.

Argued April 3, 1916—Decided June 6, 1916.

The defendant was charged with counseling and procuring another to disobey a subpœna to testify in a case pending in Chancery; all the defendant's acts were committed outside the county in which the indictment was found; the state sought to hold him as a principal in the misdemeanor because the facts averred as is said showed the commission of a crime within the county by the person subpœnaed. *Held*, that to sustain the indictment there must be found in it a statement of facts which would constitute a misdemeanor by the latter, and that it was not sufficient to aver that he had been duly and legally served with a subpœna, without averring what witness fee, if any, had been paid him and facts showing that the amount was the proper amount; the averment of due and legal service is a mere legal conclusion.

On error to the Hudson Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the state, *George T. Vickers* (*Robert Hudspeth* and *James W. McCarthy* on the brief).

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

SWAYZE, J. The indictment charges that the defendant counseled and procured Schaeffer to disobey a subpœna to testify before a Vice Chancellor. The proof at the trial showed that all Dudley's acts were committed outside of Hudson county. There was therefore a clear failure to prove that the crime of counseling and procuring the commission of a misdemeanor took place within the jurisdiction of the court. The state recognizes this difficulty and strives to sustain the indictment upon the theory that the facts set forth

show that Dudley participated in Schaeffer's alleged offence, and that since it was a misdemeanor only, Dudley's participation made him a principal and liable to indictment in Hudson county, although he committed no act therein. The indictment does not in so many words charge participation by Dudley as a definite crime, other than that of counseling and procuring Schaeffer. If it is to be sustained at all, it must be because the facts averred show the commission of the crime, and make unnecessary the express averment of the particular crime. To sustain the indictment on this ground, we must find in it a statement of facts which would constitute a crime by Schaeffer; for if he is not shown to have committed the crime in Hudson county, Dudley cannot be held to have committed one there. We need notice but one of the many defects mentioned in the defendant's brief. It is not averred that a witness fee was paid to Schaeffer. That is necessary to compel the attendance of a witness in a civil suit. The indictment avers only that Schaeffer had been "duly and legally served" with the subpœna. To constitute due and legal service, different sums are required by law to be paid; sometimes fifty cents, if the witness resides in the county, sometimes more if he be a non-resident. What sum, if any, was paid Schaeffer? Was he a resident of Hudson county or a non-resident? Was he a resident of New Jersey or some other state? If the latter, how and where was service made? Was it in Hudson county or in the state of Schaeffer's residence? We cannot tell from the indictment whether the facts were such that the service was due and legal. We have the opinion of the grand jury that it was, but that is a mere legal conclusion. "Good pleading," said Chief Justice Beasley, "requires that such facts shall be stated, so that the court may be enabled to see that if their truth be admitted, the defendant is conclusively guilty of the crime charged." We have nothing to add by way of reasoning to what he says with his usual clearness and force in the opinion from which we quote *State* v. *Maires,* 33 *N. J. L.* 142, 145. It may be well to point out that the question in this particular case is impor-

tant because the facts as proved raise the very interesting question whether a resident of another state temporarily present in or passing through New Jersey can be served with a subpœna and paid a witness fee of fifty cents, and be thereby compelled to leave his own affairs, perhaps in a distant state, to attend court here? The question is novel in our state and would require most careful consideration before we would venture to pronounce an opinion. Yet if we should eventually hold such a service good, we should not think that one who in another state had advised the witness that he was not bound to attend had necessarily been guilty of a crime in New Jersey. Surely a resident of another state who is served with a subpœna while temporarily in New Jersey and paid a witness fee of fifty cents only, as if he were a resident of the county in which he is subpœnaed to appear, may consult counsel as to his obligation to attend, and counsel would not be a criminal if he erred in his advice on a question of novelty and nicety. On the other hand, if the witness was a resident of the county where he was to attend and was paid the regular fee, it would be impossible to avoid the conclusion that counsel who advised him to disobey was interfering with the administration of justice and committing a contempt of court. The difference between the two cases is enough to show the necessity of stating the facts instead of the mere legal conclusion that service was due and legal, certainly in a case where the crime is not charged in so many words but is to be inferred from the facts set forth in the indictment.

Since the proof showed that the crime of counseling and procuring was not committed in Hudson county and the indictment fails to charge any other crime, the defendant was entitled to a verdict that he was not guilty as charged. The judgment must be reversed and the record remitted for a new trial.