STATE OF NEW JERSEY, RESPONDENT, v. JOHN A. RIGGS ET AL., PROSECUTORS.

Argued February 20, 1918—Decided April 25, 1918.

1. A motion to quash an indictment, removed to the Supreme Court by *certiorari* for that purpose, will not be given favorable consideration unless the indictment on its face appears incapable of supporting a judgment of conviction, and such a motion, based on an alleged illegal impaneling of the grand jury, which requires proof of facts outside of the indictment and caption, will not be granted.

2. An indictment which merely alleges that the defendants, as directors of a street railway company, obstructed a public highway by placing poles and stringing wires thereon does not charge an indictable nuisance because the charter of the railway company permits the doing of the thing which is charged to be a nuisance, there being no allegation in the indictment that the powers granted were exceeded, or negligently exercised.

3. A business authorized by the legislature is not a public nuisance unless the powers granted are negligently exercised, and where there is no charge in the indictment that the defendants, as agents of the corporation, did anything they were not authorized to do by law, the indictment does not charge an indictable nuisance, because in order to turn the structure into a nuisance some facts must be set out showing that the right is being exercised contrary to law, so as to create a nuisance independent of the legalized structure.

On *certiorari.*

Before Justices BERGEN and BLACK.

For the prosecutors, *Frank S. Katzenbach, Jr., Scott Scammell* and *Robert H. McCarter.*

For the respondent, *Martin P. Devlin.*

The opinion of the court was delivered by

BERGEN, J.   The record before us contains an indictment against John A. Riggs, Richmond L. Jones, Ferdinand W. Roebling, Jr., Edwin H. Ginnelley, Walter A. Riggs, T. W. Grookett, Jr., and John W. Goodwin, as directors of the Trenton Street Railway Company for obstructing certain public streets in the city of Trenton by erecting poles and stringing wires thereon.   The indictment contains numerous counts applicable to different streets and highways in the city of Trenton, each count being in the same form except as to the names of the several streets.   Two other indictments were presented against the same defendants, and one against other defendants for similar offences, and by stipulation it was agreed that the evidence taken in one case should be applicable to all.   The cases were argued together and the determination in one will control the result in the others.

The record shows that the defendants entered pleas of not guilty, and on the same day they were withdrawn with the consent of the prosecutor of the pleas, that an application might be made for a writ of *certiorari,* which was immediately applied for and allowed, and by its command the

record and proceedings were brought into this court where motions were made to quash the indictments, which is the matter now to be determined.

Three matters are urged in support of the motion to quash—*first,* that the grand jury presenting the indictment was illegally summoned; *second,* that the grand jury was not an impartial one; *third,* that the indictments are invalid.

The first and second reasons urged amount to nothing more than a challenge to the array of the grand inquest, to sustain which there must be proof of facts which do not appear in the indictment. Under the present state of the law in this jurisdiction a motion to quash an indictment removed to the Supreme Court by *certiorari* for that purpose will not be given favorable consideration unless the indictment on its face appears incapable of supporting a judgment of conviction and such a motion based on an alleged illegal impaneling of the grand jury, which requires proof of facts outside of the indictment and caption, will not be granted. *State* v. *Bowman,* 82 *N. J. L.* 210.

Chief Justice Beasley, in an opinion written for this court, which was afterwards affirmed on his opinion by the Court of Errors and Appeals, in *Gibbs & Stanton* v. *State,* 45 *N. J. L.* 379, said (on *p.* 382) : "The remedies which the law afforded these defendants, situated as they were, were these : First, they had the right to challenge this grand jury, either as a whole or in part on the grounds now stated in their pleas; or, second, if an opportunity for doing this was not afforded to them by reason of their ignorance that they would be proceeded against; or that the objections to the proceeding in question existed, then their right was to apply to the court in exercise of its discretion to quash the entire procedure against them."

It must be remembered that in the present case the defendants had ample opportunity to challenge the legality of the grand jury in the Court of Oyer and Terminer where the indictment was found, and so far as this record stands they have interposed no plea, for the one entered was immediately withdrawn.

The proper practice where the ground is that no proper grand jury was impaneled, is to move to quash before the trial court which has the power to hear and determine the question of fact upon which the objection is based, and if the question be erroneously determined it can be reviewed by writ of error.

To permit the use of a writ of *certiorari* to review an indictment for matters not appearing on its face would result in interminable delays in the prosecution of criminals, which can be avoided by a prompt trial, at the Oyer or Sessions, of the facts upon which the objection in the nature of a challenge rests, and that court, if the challenge be sustained, may quash the indictment because presented by a grand jury which had no legal existence. We, therefore, conclude that the defendants are not entitled to have the indictment quashed for these reasons.

The third point presents a more difficult question. The indictment avers that the defendants were the duly-elected and qualified directors of the Trenton Street Railway Company, a corporation of the State of New Jersey, engaged in the operation of a street railway in certain streets of the city of Trenton and were then engaged in the business of directing the construction, operation and running of the street railway, and in the construction of its roadways and the erection of its poles and the stringing of wires on the said poles for the transmission of current and the running of its cars thereon, did, on a certain street and highway used by the citizens of the state, obstruct, counsel, aid and permit the obstruction of the said roadway by unlawfully and injuriously placing poles and stringing numerous and dangerous wires thereon, thereby creating a nuisance which they had been notified by the authorities of the city of Trenton to abate. The words "unlawfully and injuriously," used in the indictment, do not have any force because they are merely conclusions to be drawn from the facts stated, and if they do not import a public nuisance, that offence is not properly charged. The same words were used in the indictment in *Morris and Essex Railroad Co.* v. *State,* 36 *N. J. L.* 553, which charged

that the defendant did unlawfully and injuriously cause its engine to emit sparks, to the common nuisance of the citizens of the state. In quashing this indictment Judge Green, · speaking for the Court of Errors and Appeals, said (on *p.* 555) : "That certain facts charged are to the common nuisance of all the citizens of the state will not make it a good indictment for a common nuisance, unless the facts charged be of such a nature as may justify that conclusion as one of law as well as fact."

It being admitted in the present indictment that the Trenton Street Railway Company is a corporation of the State of New Jersey, engaged in the operation of a street railway, the court will take judicial notice that the general act, which constitutes the charter of street railway corporations, authorizes the laying of tracks in the streets, the erection of poles along the sidewalks, and the stringing of wires thereon. There is no fact set out in the indictment which negatives the lawfulness of the structure, nor allegation of want of care or skill by the defendants in the operation of the railroad, or of any act by defendants outside of the charter powers of the corporation. The only charge is that they obstructed the street with tracks, poles and wires, all of which the company was authorized by law to do. We cannot distinguish this case from *Morris and Essex Railroad Co.* v. *State, supra,* where the court said: "The whole charge in the indictment before the court, when stripped of technical language, is, that the defendants used steam engines and caused them to pass over their road; which engines emitted sparks, and thereby set fire to the adjoining houses ánd herbage. There is no allegation of want of care or skill." In the present case, the defendants. are charged as directors of a lawfully incorporated street railway company with doing precisely what the law authorizes the company to do, not a single fact to the contrary being set out, nor any fact showing an act in excess of charter powers, amounting in law to a nuisance.

The Court of Errors and Appeals in the case last above cited declared the indictment to be fatally defective, and a like result must follow in this case.

A business authorized by the legislature is not a nuisance unless the powers granted are negligently exercised, and there is no charge in this indictment that the defendants, as the agents of the corporation, did anything that they were not authorized to do. The indictment only charges an obstruction of the roadway and sidewalks by the laying of tracks, putting up of poles, and stringing and using of wires, all of which a lawfully incorporated street railway company is authorized to do. A duly incorporated street railway company is authorized to lay its rails in the streets and to erect poles along the sidewalk for the purpose of operating the railway according to the general act relating to such corporations, subject to certain conditions which the law imposes, and in order to turn such a structure into a nuisance, some facts must be set out showing that the right is being exercised contrary to law, or that it negligently exercises its powers so as to create a nuisance independent of the legalized structure, and this the indictment does not do. As the defendants could not be convicted of creating or maintaining a nuisance if all the facts stated in the indictment were proven, the indictment will be quashed.

The prosecutors urge another point which is, that the indictment is against the directors of the corporation and not the corporation itself, and as the judgment to be effective would require an abatement of the nuisance which these defendants could not comply with because it involves the destruction of the property of the corporation which they could not justify, nor could the court, upon the conviction of these defendants, abate the nuisance by any order which required the removal of the obstruction from the street, for that would require the destruction of the property of a company not a party to the proceeding, and therefore the indictment is defective.

While there is some force in this argument which finds inferential support in the case of *State* v. *Morris and Essex Railroad Co.,* 23 *N. J. L.* 360, the conclusion which we have reached on the other branch of the case does not require an expression of opinion on this point. The indictments in each of the cases under review will be quashed.