THE STATE, PLAINTIFF IN ERROR, v. JOHN A. RIGGS ET
AL., DEFENDANTS IN ERROR.

THE STATE, PLAINTIFF IN ERROR, v. RANKIN JOHNSON
ET AL., DEFENDANTS IN ERROR.

Argued November 19, 1918—Decided March 3, 1919.

The action of the Supreme Court in quashing an indictment removed
into that court by *certiorari* is discretionary, and not subject to
review by writ of error.

On error to the Supreme Court, whose opinion is reported
in 91 *N. J. L.* 456.

For the state, plaintiff in error, *Martin P. Devlin* (*A.
Dayton Oliphant,* prosecutor of the pleas, on the brief).

For the defendants in error, *Frank S. Katzenbach, Jr.,*
and *Scott Scammell.*

The opinion of the court was delivered by

PARKER, J.   It is sought by these writs of error to review
the action of the Supreme Court in quashing four indict-
ments found in the Mercer Oyer and Terminer, the sub-
stance of which appears in the opinion of the Supreme
Court.   The indictments were removed by writs of *certiorari*
into the latter court at the instance of the defendants, for
the purpose of obtaining the ruling of that court as to their
legal sufficiency, and were ordered quashed, for reasons stated
in the opinion below.   The state then took out writs of error.

On the call of the calendar in this court a motion was
made to dismiss the writs of error on two grounds—*first,*
because the granting or denial of such a motion is a matter
of judicial discretion, not reviewable on writ of error, and
*secondly,* because the action of the court in quashing an in-

dictment does not amount to a final judgment. Decision was reserved, and the cases were subsequently argued on the merits.

1. The authorities in this state, with, perhaps, one or two exceptions, are uniform in holding, first, that the granting or refusal of such a motion, whether in the court of first instance or in the Supreme Court, is a matter of judicial discretion.

In *State* v. *Hageman* (1833), 13 *N. J. L.* 314 (at *pp.* 322, 323), Chief Justice Hornblower, speaking for the Supreme Court, said: "It is a matter of discretion whether an indictment shall be quashed or not. It is not *ex debito justiciæ.*"

In *State* v. *Dayton* (1850), 23 *N. J. L.* 49, 52, Chief Justice Green said: "It is in all cases a matter of discretion whether the court will quash an indictment, or put the party to his plea or demurrer, or leave him to a motion in arrest of judgment." This he repeated in *State* v. *Beard* (1856), 25 *Id.* 384.

In *State,* v. *Black* (1890), 20 *Atl. Rep.* 255, not officially reported, but affirmed without opinion in 53 *N. J. L.* 462, Chief Justice Beasley said the granting of such a motion was a matter of discretion.

These utterances of three of our most distinguished jurists have been consistently followed in a long line of cases, some of which follow: *Proctor* v. *State,* 55 *N. J. L.* 472; *Parks* v. *State,* 62 *Id.* 664; *State* v. *Hoffman,* 71 *Id.* 285; *State* v. *Meeker,* 72 *Id.* 210, in this court; *State* v. *Johnson,* 82 *Id.* 330, 332; *State* v. *Sweeten,* 83 *Id.* 364; *State* v. *Merkle, Id.* 677, 686; *State* v. *Pisaniello,* 88 *Id.* 262, 265, the last two in this court; *State* v. *Plough, Id.* 425, in the Supreme Court. The decisions are based on the common law rule, which will be found in 1 *Chit. Cr. L.* 299; 1 *Bish. Cr. Pro.,* § 758; 22 *Cyc.* 413.

2. It is also an accepted general rule that the discretionary action of a criminal court will not be reviewed on strict writ of error. *Moschell* v. *State,* 53 *N. J. L.* 498, 500; 54 *Id.* 390; *Clark* v. *State,* 57 *Id.* 489; 58 *Id.* 383; *State* v. *Jag-*

*gers,* 71 *Id.* 281, 283; *State* v. *Valentina, Id.* 552; *State* v. *Metzger,* 82 *Id.* 749.

In *Moschell* v. *State, supra;* 53 *N. J. L.* 498, in the Supreme Court, affirmed without opinion in 54 *Id.* 390, Chief Justice Magie reiterated the rules that a motion to quash is directed to the discretion of the court, and that error will not lie on matters resting in discretion, a proposition which, he said, was universally admitted. The court in that case considered the validity of the indictment in error, but avowedly did so by passing the question, not fully argued, whether the provisions of section 53 (now section 44) of the Criminal Procedure act might not effect some change in the common law rule; and, as the court was of opinion that the indictment was good, it took the simpler course of so ruling without going into a question insufficiently presented. But any doubt on the question whether section 44 of the Criminal Procedure act gave the motion to quash a force corresponding to a motion in arrest of judgment, has been settled against that theory by later cases presently to be considered. The two general rules just stated should therefore be considered as long since entirely settled.

3. From these rules as premises it necessarily follows that a motion to quash an indictment for insufficiency is not reviewable on strict writ of error; and so it has been held, as to the denial of such a motion, subsequently to the Moschell case in *State* v. *Meeker, supra; State* v. *Merkle,* 83 *N. J. L.* (at *p.* 686); *State* v. *Siciliano,* 85 *Id.* 389; *State* v. *Pisaniello,* 88 *Id.* 262. All are decisions of this court.

Incidentally, it may be noted that section 136 of the Criminal Procedure act gives a right of review to the defendant, of discretionary rulings at the trial, where the error has prejudiced the defendant in maintaining his defence upon the merits. *Comp. Stat., p.* 1863; *State* v. *Hatfield,* 66 *N. J. L.* 443; *State* v. *Brown,* 72 *Id.* 354; *State* v. *Leberman,* 80 *Id.* 506; *State* v. *Bacheller,* 89 *Id.* 433. This exception is a legislative recognition of the general rule; and in cases where the discretionary action did not occur at the trial, review under section 136 has been denied. *State* v.

*Van Stavern,* 67 *Id.* 235 (denial of a new trial); *State* v. *Pisaniello, supra* (refusal to quash indictment).

On the precise point, whether the granting of a motion to quash may be reviewed by writ of error, or *certiorari* sued out by the state, the decisions are few. So far as this court is concerned, there is no writ of *certiorari* as a review of the proceedings of inferior courts, but the writ of error does duty when necessary as a *certiorari. Eames* v. *Stiles,* 31 *N. J. L.* 490. Consequently, the question whether a review, if permitted, should be by one or the other procedure, does not arise in this case. The real question is whether the discretionary action of the lower court in quashing an indictment can be reviewed at all.

In the early case of *State* v. *Webster,* 10 *N. J. L.* 293, the point was not made, the question in the mind of the court being apparently whether *certiorari* was a proper method of bringing the indictment into the Supreme Court after it had been quashed. This case was decided in 1829, several years before State *v.* Hageman, the first case cited herein.

The next opinion in which the point is discussed and a rule laid down is *State* v. *Black,* 20 *Atl. Rep.* 255; *affirmed,* 53 *N. J. L.* 462, where Chief Justice Beasley said, perhaps, *obiter:* "The granting of such a motion is a matter of discretion and does not form any ground for a writ of error." In *State* v. *Potter,* 83 *Id.* 428; affirmed here without opinion in 85 *Id.* 388, the Sessions made an order to quash which was reviewed by *certiorari;* and the Supreme Court held that the order was not reviewable, unless it was manifest that the judicial discretion was used capriciously in violation of settled legal principles. This is a recent, and, in our view, a decisive authority on the question.

It is argued that the·later case of *State* v. *Mandeville,* 88 *N. J. L.* 418; affirmed in this court in 89 *Id.* 228, is to the contrary. The error there claimed was not the granting but the denial of a motion to quash; and the Supreme Court cited the case of *Mayer* v. *State,* 63 *Id.* 35; 64 *Id.* 323, as authority for the reviewability of ·a refusal to quash in certain cases. 88 *Id.* 420. But the case should not be consid-

ered as superseding State *v.* Potter for two reasons—*first,* the view expressed that the denial of a motion to quash may be reviewed when the ground is that the indictment fails to charge a crime was in fact *obiter,* as there has been a conviction, and the defect in the indictment was reviewable as appearing on the face of the record (*State* v. *Pisaniello, supra*) ; *secondly,* an examination of Mayer *v.* State will show that it lays down no such rule as that stated in the Mandeville case, but that the court on a writ after conviction and final judgment considered an alleged error in the record, only because a motion to quash had been made before the jury was sworn, as required by section 44 of the Criminal Procedure act, citing *Mead* v. *State,* 53 *N. J. L.* 601. There are later decisions not entirely in accord on the necessity of a motion to quash as a foundation for this review, but we are not now concerned with the correctness of the rule. What is important to understand is the fact that it was that statute and rule that were invoked in the Mayer case, and the sufficiency of the indictment was considered as an error on the record because the court found the statutory foundation had been laid for such consideration. In our affirmance of the judgment in the Mandeville case we dealt fundamentally with the meaning of section 119 of the Crimes act as the really important and far-reaching question in the case, disregarding matters of procedure, and passing, either *sub silentio* or without noticing it, the reference of the Supreme Court to the Mayer case. This intended no departure from the results of our thorough consideration of the point in the Potter case (*supra*), to which we adhere as laying down the correct rule.

The result is that the writs of error must be dismissed as not available to review the exercise by the Supreme Court of its discretionary power to quash the indictments; and this result make it unnecessary to consider the other matters argued and briefed.