THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
SAMUEL SOLOMON, PLAINTIFF IN ERROR.

Submitted March 23, 1921—Decided July 18, 1921.

1. In an indictment under section 98 of the Crimes act it will be
presumed that whiskey in the possession of the defendant, adul-
terated or manufactured with spurious or poisonous ingredients,
and kept for barter and sale, is so kept to be used as a beverage,
so that it is unnecessary to allege in the indictment that it is kept
for barter and sale to be used as a beverage.
2. In a statutory offence the defendant's knowledge of all the phy-
sical facts which go to constitute the offence is not essential to
guilt unless made so by the statute.
3. Where an act in general terms is made indictable by statute in
the absence of language in the statute or in the effect of the law
evincing a purpose to require the existence of a wrongful intent,
such intent need not be averred and proved.

On error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN
and KATZENBACH.

For the plaintiff in error, *Edward Schoen.*

For the defendant in error, *J. Henry Harrison,* prosecutor
of the pleas, and *Wilbur A. Mott,* assistant prosecutor of the
pleas.

The opinion of the court was delivered by

KATZENBACH, J.   The writ of error in this case is prose-
cuted to reverse the conviction of the defendant below in the
Essex Quarter Sessions upon an indictment found under sec-
tion 98 of the Crimes act.   The defendant was the proprietor
of a saloon in the city of Newark.   On December 23d, 1919,
one John P. Enderweis, who also kept a saloon in the same
city, went to the defendant's place of business and purchased
two gallons of whiskey which he took to his saloon.   Ender-

weis then sold to a customer, Edward Klein, four or five drinks of the whiskey purchased from the defendant. The bartender of Enderweis also sold to Klein some of this whiskey. After drinking the whiskey, Klein suffered excruciating pain, lost his sight, and died the following day. An autopsy showed that his death was due to wood alcohol poisoning.

The first ground alleged for reversal is the refusal of the trial court to quash the indictment. The granting or refusal of such a motion is a matter of judicial discretion and not subject to review by writ of error. *State* v. *Riggs, 92 N. J. L. 575.* The same questions raised on the motion to quash were raised upon motions to direct a verdict and in arrest of judgment which were denied by the trial court and to which denials exceptions were taken, so that the questions raised on the motion to quash are properly before this court for review upon these exceptions and will be considered.

The first contention is, that the indictment which alleges that the defendant "did keep in his possession for barter and sale certain spirits, to wit, two gallons of whiskey, which had been then and there adulterated with spurious and poisonous ingredients, to wit, wood alcohol, contrary to the form of the statute in such case made and provided," should aver that the defendant had the alleged adulterated spirits in his possession to be used as a beverage. The section of the statute under which the indictment was framed is as follows *(Comp. Stat., p. 1777, § 98)* :

"Any person who shall manufacture, or import already manufactured, or barter or sell, or keep in his possession for barter or sale, any rum, brandy, wine or spirits of any kind, or any other liquid of which distilled spirits of any kind shall form a component part to be used as a beverage, that shall be adulterated or manufactured with spurious or poisonous ingredients of any description, shall be guilty of a misdemeanor."

We think the defendant's position in this respect is untenable. Where rum, brandy, wine or spirits of any kind is kept for barter or sale, we are of the opinion that it is presumed

to be so kept to be used for beverage purposes, and that it is only in the case where the liquid of which distilled spirits of any kind forms a component part that the indictment must allege that the liquid is kept for barter or sale to be used as a beverage. There are liquids of which distilled spirits form a component part, such, for example, as liniment, which are kept for barter or sale as such, and it was for the protection of vendors of such wares that the words "to be used as a beverage" were inserted in this clause of the statute. It is only when such liquids are kept for barter or sale to be used as a beverage that the vendors are brought within the statute. In adopting this construction of this statute we think the trial court ruled correctly.

It is further contended in behalf of the defendant that there is no averment in the indictment that the defendant knew that the whiskey was adulterated with a poisonous ingredient. This is not necessary. In statutory offences the defendant's knowledge of all the physical facts which go to constitute the offence is not essential to guilt unless made so by the statute. *Waterbury* v. *Newton,* 50 *N. J. L.* 534. We think the defendant's knowledge of adulteration under this statute not essential to guilt and that the ruling of the court in this respect was proper.

The third ground alleged is, that there is no averment in the indictment of an intent on the part of the defendant. This was unnecessary. This case belongs to that class of cases where an act in general terms is made indictable by statute. In such a case, in the absence of language in the statute, or in the effect of the act evincing a purpose to require the existence of intent, a wrongful intent need not be shown, and, consequently, need not be averred. *Halsted* v. *State,* 41 *N. J. L.* 552.

It is also insisted in behalf of the defendant that the case is barren of evidence establishing the guilt of the defendant. This insistment is in part based upon the fact that the sale of the whiskey to Enderweis was not made by the defendant, who was indicted and convicted, but by the defendant's wife. While the testimony is that Mrs. Solomon made the sale, yet

the evidence shows that the defendant held the license for the saloon; that he was present while Enderweis was on the premises; that he knew his wife was tending bar and selling liquor; that the proceeds of the sale to Enderweis was placed in the cash register and came into the possession of the defendant. This evidence would justify a jury in finding that Mrs. Solomon was the defendant's agent. It was only necessary for the state to prove that the adulterated whiskey was in the defendant's possession for barter and sale.

The trial court submitted all the evidence under proper instructions to the jury. The question to be determined was one of fact. We think the evidence referred to ample to justify the verdict that the defendant kept in his possession for barter and sale whiskey containing poisonous ingredients.

There are several other assignments of error which deal with the charge of the court, the refusal of the court to charge certain requests and the admission of evidence alleged to be illegal. We have examined the questions presented by these assignments and find no error prejudicial to the defendant in the rulings of the trial court.

The judgment below is affirmed, with costs.