6 N.J. Super. 344 (1950)
71 A.2d 390
STATE OF NEW JERSEY, RESPONDENT,
v.
MICHAEL U. DeVITA, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided February 14, 1950.
*345 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Donald G. Collester argued the cause for the respondent (Mr. Nelson F. Stamler, Deputy Attorney General).
Mr. John E. Toolan argued the cause for the appellant.
The opinion of the court was delivered by BIGELOW, J.A.D.
The defendant appeals, by leave of the court, from an order of the Passaic County Court denying *346 his motion to dismiss an indictment which reads as follows, omitting, however, the merely formal parts:
"The Grand Jurors present that on August 23, 1949, there was pending in the New Jersey Superior Court, County of Passaic, a certain indictment against Harry Gourley; that among others who testified before the Grand Inquest was one McGrath, and that his testimony became evidential to the investigation and prosecution of the said indictment.
"That Michael U. DeVita, knowing that the said indictment was pending `did contrive and intend the due course and execution of justice, to obstruct, impede and prevent, did unlawfully, corruptly and wickedly entice, solicit and persuade the said Charles A McGrath to abandon, withdraw and alter his testimony from the further accusation and prosecution of the said Harry Gourley.'"
The indictment was not designed to charge a statutory offense, but rather a common law crime. While it seems to embrace two separate charges,  that DeVita contrived and intended to obstruct justice and that he solicited and persuaded McGrath to do certain things,  yet the first is entirely too uncertain to stand alone. The second branch of the charge must be taken as the specification of the means by which DeVita sought to accomplish the first: He solicited McGrath, thereby intending to obstruct justice. Whether the indictment charges him with commission of a crime depends on what it alleges he solicited McGrath to do. As we understand counsel for the State, the accusation is that DeVita solicited and persuaded McGrath to testify falsely upon the trial of the indictment. This, in substance, is a charge of subornation or attempted subornation of perjury or false swearing. Falsity is the prime essential and this the indictment does expressly not aver.
The Prosecutor argues that the adverbs "unlawfully, corruptly and wickedly" serve in the place of a direct charge of falsity. Wickedly is the counterpart of the phrase found in the old indictments, "moved by the instigation of the Devil;" it expresses only a moral judgment and is immaterial to the legal question raised. Unlawfully does not aid the indictment, for it is merely a conclusion of law. State v. Riggs, 91 N.J.L. 456 (Sup. Ct. 1918). Corruptly is a term *347 of varied meaning. Sometimes it is the equivalent of unlawfully. U.S. v. Johnson, 26 F. 682 (C.C. 1885). Or it implies some improper pecuniary or other advantage sought in the transaction. State v. Johnson, 83 N.E. 702, 21 L.R.A. (N.S.) 905 (Ohio 1908). Or it may imply an improper motive in the actor. Chicago City Ry. Co. v. Olis, 61 N.E. 459 (Ill. 1901). But all this leads only to argument and inference. The essential facts constituting the crime must be directly stated in the indictment. The omission of an essential element cannot be supplied by inference or implication. Morris & Essex R. Co. v. State, 36 N.J.L. 553 (E. & A. 1873); Pettibone v. U.S., 148 U.S. 197; 13 S.Ct. 542 (1893); Rex v. Horne, 2 Cowp. 672; 98 Eng. Repr. 1300, 1306 (H. of L. 1778).
The State argues that the indictment may also be construed to charge the defendant with dissuading McGrath from testifying at all upon the trial of the Gourley indictment. And the reference in the indictment now under review to the "further accusation" of Gourley may suggest that a new complaint before a magistrate or a further inquiry by the Grand Jury was contemplated and that the false testimony or the refusal to testify was sought in connection with such new proceeding. The uncertainty of the indictment is apparent. An indictment must be sufficiently certain to give assurance that the accused is not indicted for one offense and tried for another; that he may be able to prepare intelligently his defense; and that he may also be able to plead his conviction or acquittal in bar of another prosecution for the same offense. State v. Schmidt, 57 N.J.L. 625 (Sup. Ct. 1895); State v. Spear, 63 N.J.L. 179 (Sup. Ct. 1899); State v. Daly, 3 N.J. Super. 247 (App. Div. 1949, certif. denied, 3 N.J. 367). The indictment before us lacks the certainty required by law. Indeed, it is so uncertain that we are unable to say whether or not it charges a crime. The judgment is reversed to the end that the indictment be dismissed.