## THE STATE v. JACOB SCHMID.

1. An indictment charges a sale, by retail, of intoxicating liquor contrary to law. *Held,* on motion to quash, that the indictment contains no description of any legal offence.

2. The supplement to the Crimes act (*Pamph. L.* 1893, *p.* 193) provides that where the offence of keeping a disorderly house consists wholly in the unlawful sale of intoxicating liquors, the indictment shall be "in form for the sale of intoxicating liquors contrary to law," and not in that for keeping a disorderly house. *Held,* that the recital of the words of the statute did not constitute, in any reasonable completeness, a description of a legal offence.

---

Motion to quash an indictment.

Argued at November Term, 1894, before Justices REED and GARRISON.

For the motion, *Alfred Hugg.*

*Contra, Wilson H. Jenkins.*

The opinion of the court was delivered by

GARRISON, J. This indictment charges that the defendant, "on the 31st day of January, 1894, did sell by retail, and cause and knowingly permit to be sold to George Lewis, certain intoxicating liquors, contrary to law, contrary to the statute in such case made and provided." That this pleading lacks reasonable certainty in the description of any legal offence must be perfectly obvious.

In nowise is the defendant informed wherein the unlaw-fulness of his misconduct is supposed to lie.   He is left to surmise whether it is because of his own lack of lawful quali-fication, or because of some undisclosed circumstance connected with the time or manner of such sale, or because of something in the age or condition of the person to whom it is said he unlawfully sold.   As was pointed out in a recent case in the Court of Errors of this state, a conviction under such an in-dictment would not insure the subsequent protection of the defendant should his conduct be again questioned for the same act—that is, he would not be able to plead either a convic-tion or an acquittal had under this indictment in bar of any subsequent proceeding.   *Linden Park Association* v. *State*, 26 *Vroom* 557.

This method of pleading likewise ignores those provisions of the constitution of this state by force of which every person held for a criminal offence is guaranteed not only that he shall be accused of such offence by a grand jury, but also that he shall be "informed of the nature and cause of the accusation."   *Const., art.* 1, §§ 7, 8.

Unless the charge contain a description of the crime of which the grand jury accuses the defendant, and a statement of some circumstances by which it may be identified and its particular nature disclosed, it is readily conceivable that a true bill may be found for one offence and the defendant be compelled at the trial to meet any offence that happens to fall within the general terms of the indictment.

Furthermore, such a pleading does not inform the defend-ant of the nature of the accusation against him.   Unlawful sales of liquor differ entirely in their nature, as, for instance, sales without a license differ radically from Sunday selling or sales to an habitual drunkard.   I fail to see how a defendant indicted in this vague fashion can either plead or prepare for trial.   He cannot intelligently traverse the facts; still less can he admit their truth in order to question their legal suffi-ciency; he cannot even, with any show of consistency, plead that he is guilty as charged.

The sole ground upon which an averment of this character is sought to be sustained is that it is in the precise words of the statute under which the indictment was drawn. *Pamph. L.* 1893, *p.* 193.

That act is as follows : " It shall not be lawful hereafter to indict any person or persons for the offence of maintaining a common-law nuisance or keeping a disorderly house, under section one hundred and ninety-two of said act, entitled 'An act for the punishment of crimes,' where the offence sought to be punished consists wholly in its unlawful sale of spirituous, vinous, malt or brewed liquors ; but in all such cases the indictment shall be in form for the sale of intoxicating liquors contrary to law, and on conviction of such unlawful sale of any of said liquors, the person or persons so convicted shall be punished as in and by said section one hundred and ninety-two of the said act entitled 'An act for the punishment of crimes' is provided."

It is, undoubtedly, a well-settled general rule that in an indictment for an offence created by statute, it is sufficient to describe the offence in the words in which the statute describes it. This rule, however, is based upon and applies only to those cases in which the statute describes the offence with which it has to do. Unless this is so, the mere recital of non-descriptive words from the statute will not constitute in reasonable completeness a statement of the offence so as to relieve the pleader from averring the acts that go to make it up.

The statute of 1893 does not, however, create an offence, nor does it purport to describe any. The expressed intention of the enactment was to substitute a form of indictment for selling contrary to law for the more sweeping charge of keeping a disorderly house in all cases where the elements of unlawfulness were confined to the sale of intoxicating liquors. In effect, it simply prohibits the use of the indictment for keeping a disorderly house in those cases in which that offence consists wholly in the unlawful sale of intoxicants.

The act under consideration does not attempt to prescribe

the language in which the pleader shall aver the facts that constitute the offence which, consequently, is left to the established canons of criminal pleading.

The indictment in this case is quashed.