JOHN H. CAMPBELL, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

Argued June 21, 1898—Decided November 14, 1898.

An indictment charged that the defendant had license to sell spirituous liquors in any quantity from one quart to five gallons at his bottling-house, and that on a day named and on divers other days he " did willfully, unlawfully and habitually sell and suffer and permit the said liquors then and there so sold by him by virtue of such license to be drunk on or about the said premises where so sold as aforesaid." *Held,* that such indictment did not sufficiently charge either the unlawful sale of liquor or the offence of keeping a disorderly house, under *Gen. Stat.,* p. 1810, *pl.* 132.

On error to the Supreme Court upon its affirmance of a judgment of the Monmouth Sessions. The following is the memorandum decision filed in the Supreme Court at November Term, 1897 :

" The indictment charged that the defendant had license to sell spirituous liquors in any quantity from one quart to five gallons at his bottling-house, in Monmouth county, and that on November 19th, 1895, and on divers other days the defendant ' did willfully, unlawfully and habitually sell and suffer and permit the said liquors then and there so sold by him by virtue of such license to be drunk on or about the said premises where so sold as aforesaid.'

" This indictment is unskillfully drawn, but it sufficiently sets out the offence made indictable by the second section of the act of March 20th, 1889. *Gen. Stat.,* p. 1810, *pl.* 132.

" That section provides that any person having a license under said act who shall suffer or permit any of said liquors sold by virtue of said license to be drunk on or about the premises shall. be guilty of keeping a disorderly house.

" The indictment sets out license to the defendant and the sale of spirituous liquors under that license to be drunk on the premises.

" That constitutes the offence at which the statute was aimed, and is sufficiently set forth to sustain the conviction.

"The Daly act (*Gen. Stat.*, p. 1101) does not apply except where the illegal act consists wholly of illegal selling. Here the illegal act was the permission to drink on the premises, the sale being legal. *Rogers* v. *State*, 29 *Vroom* 220.

"The judgment below should be affirmed."

For the plaintiff in error, *Aaron E. Johnston.*

For the defendant in error, *Wilbur A. Heisley*, prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J. The indictment recited cannot be sustained as charging the unlawful sale of spirituous liquors. It is lacking in necessary averment. *State* v. *Schmid*, 28 *Vroom* 625.

The Supreme Court assumes that the sale averred was lawful and that the permission to drink on the premises brought the case within the statute invoked to sustain the indictment. *Gen. Stat.*, p. 1810, *pl.* 132. Granting both of these assumptions, still the indictment is faulty. It does not charge the offence designated by the statute, to wit, the keeping of a disorderly house. We think it plain that except where that offence consists wholly in the unlawful sale of liquors (*Gen. Stat.*, p. 1101, *pl.* 273) it must be charged in the usual and well-recognized form, and especially in a case where a statute declares the offence in terms. The elements that make the house disorderly must, of course, in every case, be stated (*Linden Park Blood Horse Association* v. *State*, 26 *Vroom* 557), but their statement will not dispense with the charge of the offence.

As the record before us shows that this objection was duly taken by motion to quash before the jury was sworn, we are compelled to give it effect.

The judgments of the Supreme Court and of the Monmouth Sessions are therefore reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, LIPPINCOTT, LUDLOW, BOGERT, HENDRICKSON, NIXON, VREDENBURGH.     10.