THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, *v.* WILLIAM C. REILY, PLAINTIFF IN ERROR.

Argued February 20, 1901—Decided June 10, 1901.

An allegation, in an indictment, of the sale of spirituous, vinous and malt liquors contrary to law, is equivalent to an allegation of the sale of intoxicating liquors contrary to law, within the requirement of section 74 of the Criminal Procedure act.

On error to the Camden Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the state, *Frank T. Lloyd,* prosecutor of the pleas.

For the defendant, *John L. Semple* and *Beasley & Walker.*

The opinion of the court was delivered by

DIXON, J.   The defendant pleaded guilty to an indictment charging that, on May 1st, 1900, and on divers days between that day and the finding of the inquisition, in a certain house in Berlin, in the township of Waterford and county of Camden, the defendant unlawfully and habitually sold, offered and exposed for sale, and caused and knowingly permitted to be sold, offered and exposed for sale, to certain persons named and others unknown, certain spirituous, vinous, malt and brewed liquors, the names and particular descriptions of which were to the grand jury unknown (the same not being compounded and intended to be used as medicine), by less measure than one quart, without a license for that purpose first had and obtained, and that such habitual sales were contrary to law.

Except as this indictment mentions brewed liquors and the offering and exposing of liquors for sale, the offence charged to have been habitually committed is that denounced by section 66 of the Crimes act. *Pamph. L.* 1898, *p.* 794. These excepted allegations can be rejected as surplusage, without impairing the substance of the accusation under said section.

Against the indictment thus confessed, the defendant presents only one objection outside of those which have been considered and overruled in the case of State *v.* Farnum at this term.   That objection is that the indictment fails to aver, according to the words of section 74 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 866), that the liquors sold were intoxicating.

As was said in *State* v. *Schmid,* 28 *Vroom* 625, 627, this

section 74 does not attempt to prescribe the language in which the pleader should aver the facts; its purpose was merely to do away with the allegation of keeping a disorderly house, and substitute therefor an allegation of the sale of intoxicating liquors contrary to law, when such sale was the only element of unlawfulness to be proved. It is enough, therefore, if the conclusion of the indictment distinctly shows that the substance of the charge is the habitual sale of intoxicating liquors contrary to law.

This indictment, employing the words of the said section 66, describes the liquors sold as "spirituous, vinous and malt." Each of these sorts of liquor is commonly known to contain a considerable proportion of alcohol, and alcohol is commonly known to be an intoxicant. Therefore when, in its conclusion, this indictment alleged that the sale of those liquors was contrary to law, it complied, in substance, with said section 74. Taken in its entirety, the indictment clearly charged, and with sufficient particularity, the sale of intoxicating liquors under such circumstances as would, at common law, have constituted the offence of keeping a disorderly house. This fulfills the requirements of our statutes.

The judgment is affirmed.

The record and assignments of error in the case of State *v.* Walter O. Hubbs are the same as in State *v.* Reily, and for the same reasons the judgment is affirmed.