THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HARRY JENKINS AND EDWARD J. MESCALL, DE-FENDANTS-PROSECUTORS.

Submitted May 6, 1947—Decided September 16, 1947.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the State of New Jersey, *Horace K. Roberson,* Prosecutor of the Pleas of Hudson County, and *William P. Gannon,* Assistant Prosecutor.

For the defendants-prosecutors, Harry Jenkins and Edward J. Mescall, *Thomas H. Brown.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Harry Jenkins and Edward J. Mescall were the chief of police and deputy chief of police, respectively, of Union City. They were indicted for misconduct in office in having violated their public duties with respect to horse-race gambling. The brief presents the same points and, except in a few instances, in precisely the same words as does the defendants' brief in *State* v. *McFeeley,* 136 *N. J. L.* 102, decided contemporaneously herewith. We find no legal element to distinguish this case from the McFeeley case other than that in the latter indictment there were spe-

cific and identifiable charges which have no comparable incidents in the indictment now before us. We shall, therefore, address ourselves only to that distinguishing feature.

The question thus presented is whether an indictment meets the requirements of certainty when, without particularizing or identifying a single instance or place of misconduct, it charges a public official with being under the public duty of using and exercising and causing to be used and exercised all proper, reasonable and lawful means, within his power, for preserving the public peace and insuring good order and suppressing disorderly houses, gaming and betting houses, bookmaking and betting upon the event of horse races and of seizing and capturing furniture and implements for playing those unlawful games and, having charged such duty in those general terms, proceeds to accuse him in like general terms of continuously, unlawfully and willfully neglecting to perform the same.

Misconduct of that nature necessarily consists of a particular incident or of a series of particular incidents. It is not just an attitude. It is action; or it is non-action with respect to specific incidents. There is not a failure to raid a pool room unless a particular pool room exists, not a failure to lay complaints unless there are particular persons against whom complaints should be laid, and not a failure to seize gambling equipment unless there are particular items of equipment in existence intended for or used for the unlawful purpose. There can be no conviction on such a charge unless the particular incident or a multiplicity of such incidents is proved. A defendant is unable to plead or to prepare a defense against such proofs unless he knows in advance the particular offense or offenses counted upon; not merely the general definition of the crime, either in the words of the statute or according to the common law, but such details of the act or omission as will enable him to know precisely what accusation is laid against him and to prepare his case with foreknowledge of what he will be called upon to meet. For illustration, it is murder under the statute if, *inter alia,* any person in attempting to commit arson shall kill another; but however accurately an indictment might recite the definition

of the offense in the language of the statute the indictment would not be good unless such details were included as would inform the accused of the event to which the statutory language was being applied. "The rule of the law and of common justice is that the offence must be charged in the indictment, in a certain and identifiable form, and this principle is so essential to the personal security of the citizen that it is not to be impaired, no matter how great the particular exigency may be;" *Linden Park Blood Horse Association* v. *State, 55 N. J. L. 557.* "The doctrine that in indictments for misdemeanors created by statute it is sufficient to charge the offence in the words of the statute is always subject to the qualification that the facts must be set forth with clearness and all necessary certainty to apprise the person accused of the offence of which he stands charged;" *State* v. *Spear, 63 Id. 179, 181.* To like effect, *State* v. *Stimson, 24 Id. 9, 25; State* v. *Halsted, 39 Id. 402, 411; State* v. *Schmid, 57 Id. 625.* The same principle is implicit in the recent decision of our Court of Errors and Appeals in *State* v. *Morano, 134 Id. 295*—"The statutory language need be supplemented only where necessary to particularize and identify the offense that would otherwise be indefinite and uncertain because of the generality of the statutory language."

The state's brief asserts that the indictment herein follows *State* v. *Preiskel, 13 N. J. Mis. R. 736; affirmed, 117 N. J. L. 150,* but the error of this statement is made apparent by an examination of the record in the Preiskel case as preserved in the State Library, Volume 1420, Court of Errors and Appeals Cases, at page 5 of the State of Case, *et seq.* There the indictments in setting up the duties of the defendants followed the phraseology used in that connection in the indictments now under review; but in charging the violation of those duties the Preiskel indictment particularly specified the several places by streets and numbers where the gambling and other prohibited activities were unlawfully permitted to exist. The instant indictment neither definitely nor indefinitely names a place where an illicit act occurred or a person who engaged in such an act. So, too, in *State* v. *Walter, 14 N. J. Mis. R. 547; 117 N. J. L. 547,* likewise cited in

the state's brief. Walter and another were police officers charged with misconduct in failing to suppress gambling houses; the record (Volume 1439, Court of Errors and Appeals Cases, pages 7, *et seq.*, of the State of Case) discloses that the indictment precisely enumerated the location of the resorts with respect to which the indictment ran.

An indictment grounded in a definitive statute should be so framed that it will, upon inspection, disclose not merely what nature of crime but what particular crime was intended to be charged. *State* v. *Ellenstein,* 121 *N. J. L.* 304, 319.

The indictment fails of certainty and must be quashed.