This is an appeal from a judgment of the Hudson County Court, dismissing indictments against defendants, respectively Mayor and Director of Public Safety and Chief of Police of the City of Bayonne, for alleged nonfeasance in failing to enforce gambling laws of this State. The indictments were dismissed on the ground that they lacked certainty and definiteness and failed to specifically inform the defendants of the charges against them, thereby making it impossible to prepare their defense.
It is conceded that the indictments under review are similar to those before the Supreme Court in State v. Jenkins and Mescall,136 N.J.L. 112 (1947), which were quashed by that court for the same reasons that were successfully advanced *Page 249 
before the Law Division for dismissing the indictments here under review. The common law rule requiring certainty and particularity in indictments is re-affirmed and given continued vitality by our organic law, state and federal, Article 1, paragraph 10 (Bill of Rights) New Jersey Constitution, 1947, providing that "the accused shall have the right * * * to be informed of the nature and cause of the accusation." "A salutary rule of the common law," says the Massachusetts Supreme Court: "That no subject shall be held to answer for any crime or offense until the same is fully and plainly and substantially and formally described to him." Commonwealth v. Phillips, 16 Pick. 211. Mr. Justice Kalisch, speaking for the Supreme Court in State v.Hatfield, 87 N.J.L. 124 (1915), declared the requirement of certainty and positiveness in an indictment, quoting the following authority:
"`Though, in general it may be sufficient to state the fact in the words of the act of parliament, yet it is not always safe merely to convey the description of the offence in these words; for where the statute describes an offence in such general terms as will embrace a variety of circumstances, a general description, though pursuant to the words of the act, is insufficient unless the circumstances be set out with time, place,' c. Paley Sum. Conv. (8th ed.) 197; Rex v. Jarvis,1 Burr. 148; 1 Str. 494, 495; Hale P.C. (1st Am. ed.),ch. 25, p. 187, note 7."
Chief Justice Case in State v. Jenkins-Mescall, supra, atp. 113, in referring to indictments for nonfeasance in office, stated:
"Misconduct of that nature necessarily consists of a particular incident or of a series of particular incidents. It is not just an attitude. It is action; or it is non-action with respect to specific incidents."
Alluding further to the requirement of specification, he stated:
"* * * A defendant is unable to plead or to prepare a defense against such proofs unless he knows in advance the particular offense or offenses counted upon; not merely the general definition of the crime, either in the words of the statute or according to the common *Page 250 
law, but such details of the act or omission as will enable him to know precisely what accusation is laid against him and to prepare his case with foreknowledge of what he will be called upon to meet."
We are impressed with the logic and soundness of the opinion of Chief Justice Case in the Jenkins-Mescall case and are persuaded that we should follow it in our determination of this appeal. (Parenthetically, in State v. Jenkins-Mescall, supra,
an appeal was taken to the Court of Errors and Appeals and that court (137 N.J.L. 209) dismissed the writ of error on procedural grounds.)
In the instant case, except for the stated period covering nearly two years, there is no specification and no charge except in the most general and sweeping language. There is no specification of the transaction or transactions with respect to which the defendants were alleged to have been derelict. A person charged with a criminal offense by the solemn action of a grand jury is confronted with a situation involving potentially serious consequences. In such circumstances, it is imperative that the indictment fully inform the accused of the specific crime laid at his door so that he may be afforded every reasonable opportunity to prepare his defense; a right guaranteed by our Constitution and grounded in that fundamental fairness of due process of law. The language of the indictments under review does not satisfy the essential requirement of certainty and particularity, consistently recognized by our courts. See State v. Morano,134 N.J.L. 295 (E. A. 1946); State v. Ellenstein,121 N.J.L. 304 (Sup. Ct. 1938).
The State contends that the defendants could have demanded a bill of particulars and thus obtained the necessary information to prepare their defense. Such a contention begs the question at issue. The indictments being basically defective, could not have been given any life by the mere furnishing of a bill of particulars.
The State argues that the indictments might be amended. It is conceded that the State did not, at any stage of the proceedings, make a motion to amend. Therefore, that point may not be argued as a ground of appeal.
The judgment of the Law Division is affirmed. *Page 251