11 N.J. Super. 298 (1951)
78 A.2d 329
THE STATE OF NEW JERSEY,
v.
TIMOTHY MORRISSEY, DEFENDANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided January 10, 1951.
*300 Mr. Horace K. Roberson, County Prosecutor (Mr. William A. O'Brien, Assistant County Prosecutor, of counsel), attorney for the State.
Messrs. Solomon & Miller (Mr. Abraham Miller appearing), attorney for the defendant.
DREWEN, J.C.C.
Defendant moves to quash on the ground that the indictment fails to charge a crime. The indictment is within the purview of R.S. 2:103-1 which enacts the common law of crimes, viz.: "* * * all other offenses of an indictable nature at common law, and not expressly provided for by statute, shall be misdemeanors." One effect of this provision is to add the crime here in question to those other crimes of unlawful threat that are defined in R.S. *301 2:127-3 and 4. The components of the charge as pleaded are in substance: (a) defendant did contrive and intend to extort money from one Schmitt; (b) so contriving and intending, he did falsely accuse Schmitt of the crime of receiving stolen goods; (c) so contriving and intending he did also threaten Schmitt that he would prosecute such charge of crime against him unless Schmitt paid to defendant the sum of $100; (d) with the purpose and by the means aforesaid defendant obtained from Schmitt money in the sum of $75; (e) Schmitt was not guilty of the crime of which defendant thus accused him.
It is not disputed and the text-writers appear to leave no doubt that at common law it is a criminal offense to "frighten" money or other property out of one by the threat of criminal prosecution, and this entirely apart from any color of office or influence exerted thereby as in the case of the better known common law crime of extortion in the ordinary sense. "To extort by threats of any prosecution is at common law an indictable offense." Wharton's Criminal Law (11th ed.), vol. 2, p. 1296. See also Russell on Crime (9th ed.), p. 801, quoting the opinion of Lord Ellenborough, 2 Smith K.B., infra. Cited in 62 C.J. 932, Note 13(a), is the statement of Lord Holt in Queen v. Woodward (1707): "Every extortion is an actual trespass, and an action of trespass will lie against a man for frightening another out of his money. If a man make use of a process of law to terrify another out of his money, it is such a trespass as an indictment will lie for." The subject is discussed in American and English Encyclopedia of Law (2nd ed.) vol. 28. It is there set forth (p. 141): "It is well settled that at common law a mere threat in words not written is not an indictable offense * * *. It is, however, an indictable offense at common law to make threats of the character calculated to overcome a firm and prudent man, where the purpose is to extort money; and it is immaterial that the purpose be not accomplished."
The test of indictability in a given case applies to the nature of the threat, whether in itself or as affected by attendant circumstances it is such as may reasonably be regarded *302 as capable of moving an ordinarily "firm and prudent" person to comply with the offender's extorsive demand. Upon the question presented by the application, within the indictment's scope, of the test thus stated, this motion was argued.
"To obtain money under a threat of any kind, or to attempt to do it is no doubt an immoral action; but to make it indictable the threat must be of such a nature as is calculated to overcome a firm and prudent man;" or, as otherwise stated, the threat must be "one that may overcome the ordinary freewill of a firm man and induce him to part with his money." (Lord Ellenborough, 102 Eng. Reprint K.B. 1235, at 1240, 1241.) It was also judicially declared in the latter case, respecting the degree of coercion carried by the threat, that "one man cannot be indicted because another has been a fool" (supra 1241).
The indictment, it is true, gives no hint of attendant circumstances, but that I take to be no fatal deficiency, for reasons I shall state. The precedents are antique, and with no more in the way of detail than the indictment gives us we may at least approach the problem with the preliminary observation that in our day, when the delivery of goods and the transfer of property therein are not only measureless in extent but vastly complex in method and detail, a charge of receiving stolen goods might readily be attended with enough plausibility to impress one other than a fool and at the same time to serve an extorsive design in the accuser. The gravamen of the offense here attaches to the fact and motive of the accusation and the threat. Basically that is the charge and I find it adequately pleaded. Cf. State v. Jenkins, 136 N.J.L. 212 (Sup. Ct. 1947); State v. Daly, 3 N.J. Super. 247 (App. Div. 1949). The indictment is strengthened by the allegation that $75 was actually obtained in direct consequence of the offense described. While the gravamen does not involve the identity of the goods which the State means to prove were the subject of defendant's accusation and the accompanying threat, in the same way that gravamen, for example, involves identity of goods in larceny, nevertheless the nature and relation of this detail is such in the present case that *303 defendant would undoubtedly be entitled to advance notice of it by way of particulars upon proper demand therefor. The same applies to other related details and circumstances, such as may be shown to have sufficient bearing on the element of reasonableness in the coercion charged.
The indictment is not faultless. A number of things are present by indirection, that is, by way of mere reference and conclusion without direct factual allegation. There is, for example, no specific charge that defendant knew the accusation made by him to be false. While it is set forth that the charge was "falsely" made, the averment, for all that appears, relates to the charge itself as being factually untrue, apart from any question of honest knowledge or belief on defendant's part respecting it. And elsewhere, while the accusation is described as "pretended" and the imputed offense as "supposed," there is no direct allegation of fact to support either of these impugning terms. But these imperfections I judge not to be fatal, more especially since "it is as much a crime * * * to threaten to accuse a man of what is true or is believed to be true as it is to accuse him of what is known to be false." (Amer. & Eng. Encyc., ibid., p. 144, par. b.)
Needless to say, the technicalities that once ruled questions like this are no longer in force. The drafting of indictments has had its share in the release from technical exactitude that has come to pleading in general. This is shown by provisions like those in Rules 2:4-13 and 14. See also, with respect to defects not vitiating an indictment, R.S. 2:188-5; and with respect to amendments upon objection R.S. 2:188-6; and with respect to amendment upon terms, for errors in describing the offense, R.S. 2:188-9. The spirit and intent of these provisions must be recognized on a motion of this kind for the bearing they obviously have upon the problem. An indictment will not be invalidated for defect unless it be such as to prejudice defendant in maintaining his defense upon the merits. (Larison v. State, 49 N.J.L. 256, 259). There are, of course, certain canons that abide. The indictment must charge a crime, and basic deficiencies in this regard are not curable by the supplying of particulars. *304 (State v. Daly, supra; State v. Jenkins, supra.) It must be framed with such certainty as reasonably to apprise the accused of the charge he is called upon to meet; and he must be afforded every reasonable opportunity to prepare his defense. (State v. Daly, supra, at p. 250.) I think the present indictment violates none of the requirements for validity. The charge it makes is such as by its very nature to apprise defendant with reasonable fullness. Whatever else he may be entitled to have can be obtained by the indicated procedure.
"A motion to quash is addressed to the court's discretion which ought not to be exercised when injustice may result to the state and where a refusal to exercise it deprives defendant of no substantial rights." State v. Lehigh Valley R.R. Co., 90 N.J.L. 372 (Sup. Ct. 1917).
The motion is denied.