33 N.J. Super. 138 (1954)
109 A.2d 430
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
J. MINOR SULLIVAN, III, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1954.
Decided November 10, 1954.
*140 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Frank H. Lawton, First Assistant Prosecutor, argued the cause for plaintiff-respondent (Mr. Mario H. Volpe, Mercer County Prosecutor, attorney).
Mr. William B. Hunter argued the cause for defendant-appellant (Messrs. Harry A. Walsh and Frank Thompson, Jr., of counsel; Mr. Thorn Lord, attorney).
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
Following an indictment for perjury which was sustained in State v. Sullivan, 25 N.J. Super. 484 (App. Div. 1953), certification denied 13 N.J. 289 (1953), certiorari denied 347 U.S. 903, 74 S.Ct. 428 (1954), defendant was indicted for false swearing under R.S. 2:157-4 (now N.J.S. 2A:131-4) on the basis, we are told, of the same testimony with respect to *141 which the first indictment was returned. Neither indictment has, as yet, been brought to trial. Defendant's motions to dismiss the second indictment and for a bill of particulars having been denied by the County Court, he applied for leave to appeal from the resulting order. Leave was granted only with respect to the refusal of a bill of particulars, and that is the subject now before us.
The indictment contains eight counts. Each follows the same format. Each alleges that defendant testified under oath on a stated day in the trial of homicide charges against others who are named, quotes excerpts from the testimony, and concludes with a statement of the specific matters with respect to which the quoted testimony is charged to have been knowingly false. We gather that defendant is a physician. In general the testimony charged to be false consists of statements of defendant with respect to his observations of the men charged with murder and his opinions on the basis of those observations.
The application was made under R.R. 3:4-6 which provides in part:
"Bills of particulars shall be ordered by the court, when the indictment or accusation is not sufficiently specific to enable the defendant to prepare his defense. * * *"
This rule explicitly states the purpose of a bill of particulars to be "to enable the defendant to prepare his defense," and the basis to be that "the indictment * * * is not sufficiently specific" for that purpose. This standard is not the equivalent of the standard prescribed for the sufficiency of an indictment itself. An indictment must allege "the essential facts constituting the offense charged." This ancient rule is expressed in R.R. 3:4-3. That an indictment satisfies the stated rule is no barrier to a bill of particulars. State v. Engels, 32 N.J. Super. 1 (App. Div. 1954). Indeed, it is settled that an indictment deficient for want of a statement of the essential facts may not be saved by a bill of particulars, State v. Gibbs, 134 N.J.L. 366 (Sup. Ct. 1946) and State v. Daly, 3 N.J. Super. 247 (App. Div. 1949); *142 and this is so because an indictment must allege facts sufficient to sustain a conviction, State v. Winne, 12 N.J. 152, 178 (1953), and because otherwise an accused might be brought to trial upon a charge not found by the grand jury or upon a charge different from the one which the grand jury intended. Linden Park Blood Horse Association v. State, 55 N.J.L. 557, 558 (E. & A. 1893); State v. Schmid, 57 N.J.L. 625, 626 (Sup. Ct. 1895).
There is authority that a bill of particulars may be ordered to protect against a subsequent prosecution for the same offense. See 5 A.L.R.2d 444. Such assurance in our State is afforded by the principles relating to the sufficiency of the indictment itself, State v. Winne, supra (12 N.J. at 178). Whether a need for such assurance is a proper basis for a bill of particulars in the light of the phrasing of R.R. 3:4-6, need not be considered since the indictment here is sufficiently explicit to preclude that hazard and we do not understand defendant to suggest otherwise.
As stated above, an indictment may allege the essential facts and yet leave a defendant in need of further information to enable him to prepare his defense, State v. Davis, 6 N.J. Super. 162 (App. Div. 1950). We italicize the word "prepare," because it is the key to the special office of a bill of particulars. The ultimate objective is to assure the accused a decent opportunity to prepare in advance of the trial to meet the State's case. The difficulty lies in fixing the outer borders of the area within which the element of surprise may thus be eliminated. On the civil side, we have embraced a philosophy of discovery which may lay bare the ultimate evidence on both sides. Our practice in criminal matters is strikingly different. Cf. State v. Tune, 13 N.J. 203 (1953). Much can be and has been said on the merits of contending approaches to the problem, but we cannot go beyond the principles as they presently exist. Greenspan v. Slate, 22 N.J. Super. 344 (App. Div. 1952), reversed on other grounds 12 N.J. 426 (1953).
A defendant may not seek a statement of the evidence, as such, but a bill of particulars, otherwise warranted, may *143 not be refused because evidence thereby will be revealed. We hesitate to attempt to express an invariable test, but suggest that, at least ordinarily, the State may be required to furnish a statement of the constituent events of the offense and the actors involved or concerned in those events, but may not be compelled to identify its witnesses or to reveal their expected testimony.
A convenient illustration is found in State v. Winne, 27 N.J. Super. 120 (Law Div. 1953), affirmed 27 N.J. Super. 304 (App. Div. 1953). The indictment there was for nonfeasance in the office of prosecutor. The indictment alleged that defendant had knowledge of certain criminal activities, and as a charge of knowledge as an essential ingredient of the indictment, the naked allegation of knowledge was held to be sufficient. State v. Winne, 12 N.J. 152 (1953). But to prepare the defense, defendant then sought a statement of the events, and actors therein, which the State contended to have imparted such knowledge to him. Defendant was held entitled to such information, for otherwise he could not fairly prepare to meet the proof at trial. But, we apprehend, defendant would not have been entitled to a specification of the witnesses who would be produced and the details of their testimony, albeit that the actors disclosed in the bill of particulars might be the same persons who would be called as witnesses by the State and the disclosure as to the events would, of necessity, reveal the testimony those witnesses would give at the trial. Whether the requirement of fairness may, in a given case, lead to disclosures beyond the area just suggested, need not be explored since we find nothing in the present case which would warrant a departure from what seems to be the ordinary rule.
To an extent, the State has informally revealed some of the information defendant seeks and suggests further that defendant must be aware of other matters. If defendant is entitled to a bill of particulars, such informal revelation or supposed knowledge would not defeat his application. Upon a post-conviction inquiry into a question of prejudice by reason of an erroneous denial of a bill of particulars, the *144 state of defendant's personal knowledge may well be decisive. State v. Hatfield, 66 N.J.L. 443 (Sup. Ct. 1901), affirmed 67 N.J.L. 354 (E. & A. 1902); State v. Morris, 98 N.J.L. 621 (Sup. Ct. 1923), affirmed 99 N.J.L. 526 (E. & A. 1924). But upon a pretrial application for particulars, we must recognize that a defendant is seeking to prepare to meet the case as the State conceives it to be. An identity between the State's case and defendant's actual knowledge cannot be assumed without violence to the presumption of innocence; and informal advice from the State does not supply the restrictive effect inherent in a bill of particulars, subject, of course, to the court's authority to permit amendments.
With these thoughts in mind, let us consider the specific demands.
The first demand asks whether the State contends that defendant gave contradictory testimony in court at another time. We understand that defendant had testified at a prior trial of the homicide charge. This demand seeks a revelation of evidence as such and does not come within the principles as we understand them, at least in the absence of a special showing which is not here made. In part, the demand appears to rest upon a misconception of the theory of the indictment. Defendant refers to N.J.S. 2A:131-5, which provides that, if a person has made contradictory statements under oath, it shall not be necessary to allege which statement is false but it shall be sufficient to set forth the contradictory statements and allege in the alternative that one or the other is false. The indictment does not proceed under that section. Rather it proceeds under what is now N.J.S. 2A:131-4 and charges that the testimony given at the second trial was knowingly false, and that, the State must prove. Prior testimony may be evidence of guilt, but the burden remains to demonstrate the known falsity of the later testimony. The giving of the prior testimony is not a constituent event of the offense here charged.
The second demand seeks a statement whether the State intends to prove that defendant made contradictory statements *145 before a person authorized by law to administer an oath. We gather that defendant refers to a statement given to the prosecutor prior to the first homicide trial. We think this demand is indistinguishable from the first demand. We, of course, are here speaking of a bill of particulars, and not of an application to inspect the document. R.R. 3:5-11; cf. R.R. 3:5-10(c).
The third demand seeks like information with respect to any contradictory statement, not under oath, made by defendant, and the fourth demand seeks the time and place of such statements and identity of persons present. Again, these demands do not relate to a want of specificity in the charge, but rather are addressed solely to a matter of proof. They do not seek an elaboration of the charge that the testimony was false and known to be false.
The fifth demand inquires as to whether the State intends "to produce expert testimony in support of any alleged contention that any evidence of the defendant contained in the Indictment is contrary to known medical science"; the sixth demand asks whether "any expert medical testimony" will be produced to prove "any of the allegations in the Indictment"; and the seventh demand seeks the names of the experts if either of the prior demands is answered affirmatively. These demands are improper under our views as expressed above. We gather from the argument that it was the purpose of defendant to ascertain whether the alleged falsity is claimed to inhere in defendant's testimony as to his observations, as distinguished from the opinions expressed by him on the basis of those observations or other factual material. If such were defendant's application, a different situation would be presented, since a demand along that line would relate to the clarity of the charge. We express no view as to whether such clarification is here necessary since the demands do not encompass that objective. With respect to the demand actually made, we note that a reading of the indictment shows that, as to some of the counts, the truthfulness of defendant's expressed opinions is challenged.
*146 The remaining demand inquires whether the State intends to rest its case solely upon alleged contradictions between the testimony quoted in the indictment and other statements or testimony of defendant elsewhere given. For reasons already expressed, this demand is not within the ambit of particulars.
As we have said, a bill of particulars is, ordinarily at least, designed to avoid surprise at trial resulting from a lack of specificity in the indictment or accusation. We appreciate that surprise and consequent unfairness may inhere as well in uncertainty as to the State's proof of a charge which in itself is thoroughly clear. It is not presently the function of a bill of particulars to prevent that eventuality. We, of course, should not be understood as suggesting that a prosecutor may not, in his discretion, see to it that a defendant is treated fairly in this important respect.
Order is affirmed without costs.