STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ANDREW J. McDONALD, DEFENDANT-APPELLANT.

Argued June 1, 1959—Decided June 17, 1959.

*Mr. H. Curtis Meanor* argued the cause for defendant-appellant.

*Mr. Frank J. V. Gimino,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Lawrence A. Whipple,* Prosecutor of Hudson County, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant sought unsuccessfully to have vacated convictions and sentences resulting from pleas of *non vult* to two accusations for breaking and entering in violation of *N. J. S.* 2A:94–1. The Appellate Division affirmed, and one judge having dissented, defendant appealed to us as of right. *State v. McDonald,* 50 *N. J. Super.* 1 (*App. Div.* 1958).

As appears in the opinion of the Appellate Division (50 *N. J. Super.,* at *p.* 3), we heretofore directed an inquiry to determine whether there in fact had been two discrete criminal events. We were moved so to order because the accusations were identically worded and defendant had contended in the trial court that he had only been charged with one crime and only one sentence could be imposed. Upon further inquiry, it appeared conclusively that two criminal acts had been committed and hence there was no illegality in that regard.

Defendant now advances a different proposition, to wit, that the accusations erroneously described the places invaded

by him as "the dwelling house and convent of the *Sisters of Saint Dominick*," whereas according to the original complaints one was "the premises at *St. John's Convent, 3042* Hudson Boulevard, Jersey City, N. J., the property of St. John's Roman Catholic Church" and the other was "the premises at *St. Paul's Convent, 20* Greenville Avenue, Jersey City, N. J., the property of St. Paul's Roman Catholic Church," and so he pleaded to crimes he did not commit. The issue of alleged misdescription not having been raised below, there is no record with respect to it. For all we know, there may be a satisfactory explanation. At any rate, even if we assume there was a misdescription and not merely an incomplete designation of the two premises entered, there is no basis for vacating the judgments.

There is no question as to guilt. Defendant confessed both the crimes set forth in the original complaints. He voluntarily executed waivers of his constitutional rights to indictment and to trial by jury. He freely offered pleas of *non vult* to both accusations. At the time of pleading, his counsel noticed the identical phrasing of the accusations, and in response to a question defendant admitted in open court that he had made two entries on the same day. There is no doubt that defendant desired and intended to waive indictment and plead *non vult* to one charge of entering the convent at St. John's Church and another of entering that at St. Paul's Church on the same day, and that he understood the accusations to so charge him despite the identical and incomplete language used with respect to the locations involved. Even though there may have been some confusion in the mind of his attorney at the time, it is clear that defendant appreciated he was in fact waiving indictment and pleading to the confessed offenses and knew the accusations were not intended to charge anything else.

We can find no grievance other than the hypothetical one now pressed, to wit, that should defendant again be charged with breaking and entering, the description used in the accusations would deprive him of a plea of double jeopardy.

His fear is unrealistic, but he is entitled to have it allayed if he desires. It can easily be done by an amendment which will make the proceedings coincide completely with the intention of the State and defendant. We can perceive no denial of any constitutional or other right in that course. We are not concerned with the question whether an *indictment* could be thus amended over opposition nor with a claim of denial of opportunity to prepare to defend against an indictment as amended. Defendant waived his right to indictment and also his right to defend. He was not misled. The sole possible prejudice is with respect to further prosecutions and as to that he may easily be assured.

The judgment is affirmed, with authority in the trial court, upon defendant's seasonable motion, if he desires to make one, to amend any misdescription of the premises or to complete the description in the accusations and waivers *nunc pro tunc* to conform to the complaints.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS and HALL—5.

*For reversal*—None.