THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIFORD T. WILLIAMSON, DEFENDANT-APPELLANT.

Argued September 14, 1959—Decided October 26, 1959.

*Mr. William C. Brudnick* argued the cause for plaintiff-respondent (*Mr. Guy W. Calissi,* Bergen County Prosecutor, attorney).

*Mr. Julius E. Kramer* argued the cause for defendant-appellant (*Messrs. Chandless, Weller & Kramer,* attorneys).

PER CURIAM. The order appealed from is affirmed for the reasons stated by Judge Conford for the majority of the Appellate Division. The opinion is reported in 54 *N. J. Super.* 170 (*App. Div.* 1959).

For purposes of emphasis, we consider it advisable to add our unqualified approval to the observation in the opinion that the defendant is entitled to a bill of particulars. Moreover, it seems probable that if the charge had been made more specific by that means, no appeal would have been allowed from the interlocutory order denying the motion to dismiss the indictment.

 Even though an indictment sets forth in general terms sufficient facts to meet the requirement for a statement of the essential elements of the offense and so cannot be dismissed on motion, a defendant is entitled as of right to a more particular specification if on a fair appraisal he may be unprepared for or surprised by the inculpatory proof at the trial. *Cf. State v. Jenkins,* 136 *N. J. L.* 112 (*Sup. Ct.* 1947), error dismissed 137 *N. J. L.* 209 (*E. & A.* 1948); *State v. Bove,* 98 *N. J. L.* 350 (*Sup. Ct.* 1922), affirmed 98 *N. J. L.* 576 (*E. & A.* 1923). He is entitled to be furnished with information as to the specific nature of the offense charged with such clarity that he can prepare for trial without fear of surprise. The liberty and reputation of a defendant are in jeopardy and he should be given every reasonable opportunity and facility within the rules for the preparation of his defense. This does not mean that the State must disclose in detail the proof it expects to offer at the trial to establish guilt. But it does signify that the particular transactions which the prosecution asserts constituted misconduct in office should be revealed to him. And the need for such information obviously is more pressing in situations where much of the factual data is in books and records in the possession of the State. *Singer v. United States,* 58 *F.* 2d 74 (3 *Cir.* 1932).

WEINTRAUB, C. J. (concurring). A criminal charge must sufficiently identify the criminal event to enable the accused to defend and to defeat a subsequent prosecution for the same offense. These essentials are not the distinctive incidents of the right to indictment. They are required as well of accusations, informations or any other mode of charging an offense, and this because of the demands of due process of law and the constitutional guaranty against multiple exposure for the same offense. The requirement peculiar to the constitutional right to indictment is that a grand jury must find probable cause before a man is brought to trial for a crime, and accordingly that the indictment shall

be sufficiently specific to preclude the substitution and trial of an offense the grand jury did not in fact find. *State v. Sullivan*, 33 *N. J. Super.* 138, 142 (*App. Div.* 1954); *State v. DeVita*, 6 *N. J. Super.* 344, 347 (*App. Div.* 1950); *Linden Park Blood Horse Association v. State*, 55 *N. J. L.* 557, 558 (*E. & A.* 1893); 1 *Chitty, Criminal Law* (3*d Am. ed.* 1836), at *p.* *169. If an indictment is so phrased that the criminal event cannot be identified, it will not be aided by a bill of particulars, and this for the reason that only a grand jury may initiate a prosecution for the crime.

The difficult question is whether the indictment here is sufficiently definitive to assure against the trial of a crime the grand jury did not find. To determine if this is so, the common law crimes subsumed popularly under the generic head of misconduct in office must be understood in the aspect pertinent to that inquiry. There is no such offense as official misconduct in general any more than there is a crime of larceny in general. Both are crimes only with relation to specific situations. An indictment for larceny must identify the specific event. So also must an indictment for misconduct in office. As Chief Justice Case expressed it in *State v. Jenkins*, 136 *N. J. L.* 112, 113 (*Sup. Ct.* 1947), writ of error dismissed 137 *N. J. L.* 209 (*E. & A.* 1948):

"Misconduct of that nature necessarily consists of a particular incident or of a series of particular incidents. It is not just an attitude. It is action; or it is non-action with respect to specific incidents. There is not a failure to raid a pool room unless a particular pool room exists, not a failure to lay complaints unless there are particular persons against whom complaints should be laid, and not a failure to seize gambling equipment unless there are particular items of equipment in existence intended for or used for the unlawful purpose. There can be no conviction on such a charge unless the particular incident or a multiplicity of such incidents is proved. A defendant is unable to plead or to prepare a defense against such proofs unless he knows in advance *the particular offense or offenses counted upon; not merely the general definition of the crime*, either in the words of the statute or according to the common law, but such details of the act or omission as will enable him to know precisely what accusation is laid against him and to prepare his case with fore-knowledge of what he will be called upon to meet." (*Emphasis added.*)

Thus an indictment for misconduct must not only indicate the duty of office offended but must identify the acts or omissions which the grand jury found to breach that duty. There may be a *continuous* breach of duty constituting but a single offense, as for example if a policeman over a period of time fails to suppress a known gambling operation. If a police officer continuously fails to suppress five different gambling operations at five different places, there are five offenses. If the five are lumped together in a single count with whatever the required specificity, the issue would only be one of misjoinder, and that issue would present none of the constitutional problems with which we are presently concerned. But as I understand the constitutional guaranty of indictment, there would be a denial of that right if the indictment merely alleged a continuous breach of duty to suppress gambling without specifying the places or activities as to which the failure occurred. See *Linden Park Blood Horse Association v. State, supra.* I suppose there could be a charge that the officer *adopted a policy* of disregarding his duty to enforce the gambling laws, and if such were the charge, the specific failures would be in the nature of overt acts or omissions rather than multiple charges of crime. But upon an indictment cast upon that thesis, the jury issue would be whether the defendant *adopted that policy* and not whether, without such policy, he failed criminally to discharge his duty in a specific situation.

With these views in mind, I turn to the indictment in this case. If it merely charged violation of duty with respect to competitive bidding without identifying the transactions, it unquestionably would fail unless it could be read to charge the adoption of a general policy to evade the bidding statute, in which event that would be the issue for trial rather than a breach of duty in some single transaction. (For present purposes I pass the question whether an indictment on that broad thesis would nonetheless have to contain allegations of specific overt acts or omissions.) I do not understand the State so to construe the indictment,

and neither did the Appellate Division. Rather the indictment is read to be limited to transactions with the four contractors mentioned therein. So construed, there is no constitutional difficulty if the indictment is read to charge that *all* of the transactions with the named contractors were criminal, either with or without an overall agreement between defendant and the contractors to evade the bidding statute as each municipal need should arise. Upon that construction, the constitutional right to indictment would be satisfied even though the question of misjoinder (in a single count), a non-constitutional problem, might arise. Since the attack was addressed to the face of the indictment and it may be construed as just suggested, the indictment is not constitutionally vulnerable and for that reason I concur in the result.

Upon the oral argument, the State informed us there were a number of transactions with the named contractors and seemed to advance the theme that the grand jury meant to charge illegality only as to such of the transactions as in fact were attended with illegality and that the prosecution will later indicate which were which. I cannot subscribe to the thesis that a grand jury may return a grab-bag allegation that among the many transactions answering the general description in the indictment some of them, wholly unidentified, were infected with crime. If a merchant who had made 100 purchases from a wholesaler over a span of years were indicted for false pretenses in one of the transactions, the indictment would fall if it did not within the limits of practicality identify the particular transaction the grand jury had in mind. In my opinion, indictments so phrased do not satisfy the constitutional right to indictment. The circumstances advanced at the argument beyond the record suggest the State should re-evaluate the situation and consider the advisability of superseding indictments consonant with the constitutional right to indictment upon the ultimate facts as the State knows them.

I understand the Appellate Division to hold that bad faith must be proved in addition to an intentional doing of the acts which constitute a violation of the bidding statute. I agree that such is the *mens rea* required and that the indictment fairly charges it.

As to the demand for a bill of particulars, I of course agree that particulars are plainly required under any view of the indictment.

SCHETTINO, J. (dissenting). The vice of the indictment under consideration (the substantive part of which is set out in 54 *N. J. Super.* at *pages* 175–176) is not only that it does not state sufficient particulars concerning the crime charged (the remedy for which would be a bill of particulars, *State v. Bove*, 98 *N. J. L.* 350, 355 (*Sup. Ct.* 1922), affirmed 98 *N. J. L.* 576 (*E. & A.* 1923)) but also that it does not utter with sufficient clarity just what particular crime is charged. That this indictment may only be interpreted after very great difficulty is indicated by a reading of the majority opinion in the Appellate Division (54 *N. J. Super.* 170, 185) and of the concurring opinion of the Chief Justice. Certainly defendant had at least as much difficulty in trying to interpret it.

An indictment deficient for want of a statement of the essential facts may not be saved by a bill of particulars, *State v. Gibbs*, 134 *N. J. L.* 366 (*Sup. Ct.* 1946) and *State v. Daly*, 3 *N. J. Super.* 247 (*App. Div.* 1949). This is so because an indictment must allege facts sufficient to sustain a conviction, *State v. Winne*, 12 *N. J.* 152, 178 (1953), and also because otherwise an accused might be brought to trial upon a charge not found by the grand jury or upon a charge different from the one which the grand jury intended. *Linden Park Blood Horse Association v. State*, 55 *N. J. L.* 557, 558 (*E. & A.* 1893); *State v. Schmid*, 57 *N. J. L.* 625, 626 (*Sup. Ct.* 1895); *State v. Sullivan*, 33 *N. J. Super.* 138, 141–142 (*App. Div.* 1954).

An indictment should be drawn, if possible, so that a defendant would have no difficulty in understanding the charge. As a defendant's liberty is at stake, no less should be permitted. I would not condone an indictment such as the present one which is "obviously the work product of one ignorant in law or one too careless to perform his duties" with the required particularity. *State v. McDonald,* 50 *N. J. Super.* 1, 8 (*App. Div.* 1958), affirmed 30 *N. J.* 126 (1959). It does not inform, let alone *clearly* inform, defendant (*State v. Laird,* 25 *N. J.* 298, 303 (1957)) "in certain, definite and understandable terms" (*State v. Borrell,* 18 *N. J.* 16, 21 (1955)) of the charge he is called upon to meet.

I am mindful that an indictment should be quashed only when clearly and palpably defective. *State v. Weleck,* 10 *N. J.* 355, 364 (1952). However, the test is less restrictive in a case, such as the instant one, where the statute of limitations is no bar to an intelligible indictment. See *State v. Winne, supra,* (12 *N. J.* at *page* 182). Rather than follow the suggestion proposed by the Chief Justice that "the State should re-evaluate the situation and consider the advisability of superseding indictments consonant with the constitutional right to indictment upon the ultimate facts as the State knows them," I would require such steps be taken by the State.

I would therefore hold that the motion to quash the indictment should have been granted.

WEINTRAUB, C. J., concurring in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR and HALL—6.

*For reversal*—Justice SCHETTINO—1.